**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| | ) | |
| v. | ) | **I.D. Nos. 0703000796 &** |
| | ) | **0702002298** |
| JOSE BEZAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: May 27, 2025
Decided: August 26, 2025

## ORDER

***On Defendant's Motion for Post Conviction Relief – SUMMARILY DENIED***
***On Defendant's Motion for Appointment of Counsel – DENIED AS MOOT***

On this 26th day of August, 2025, having considered Defendant's Motion for Postconviction relief filed in both of the above-captioned cases,[1] Motion for Appointment of Counsel,[2] and the entire record in this case, it appears to the Court that:

---

[1] *State v. Bezarez*, Superior Court Criminal Docket, ID No. 0703000796, Docket Item (hereinafter "D.I.") 198. All docket cites refer to this case number unless specified otherwise.
[2] D.I. 199.

1.      The majority of Bezarez's sentence relates to a jury verdict finding him guilty of Murder in the First Degree, Felony-Murder, Robbery First Degree, two counts of Attempted Robbery in the First Degree, Conspiracy in the Second Degree, and five counts of Possession of a Firearm During the Commission of a Felony (hereinafter "PFDCF"), following a shooting that occurred on the evening of February 24, 2007.[3]

2.      The facts of this case are found by the Delaware Supreme Court upon Bezarez's direct appeal of his conviction:

> Jose Bezarez and his partner, "Dolte," were visiting at Audrey Harris's house.  The two men were watching movies and playing video games with several children, including Bezarez's 15-year-old "godson," Darren Hunt, and Darren's 14-year-old brother, Day-Von Hunt.  At some point, the Hunt brothers, Bezarez, and Dolte went out to get food and conduct business.  Bezarez took his gun along for protection, but someone else was holding it for him.
>
> Bezarez sold $6,500 in drugs and also spent some time getting high.  As the two men and two boys were walking through the parking lot of the Tu Rancho Jubilee restaurant, Bezarez saw Michael, Ramon and Maximo Campusano.  Bezarez had purchased $11,000 of "bad" cocaine from the Campusanos in early January.  Since then, Bezarez had been trying to get his money back, but the Campusanos were avoiding him.  Bezarez and his companions confronted the Campusanos.  Bezarez waived his gun at them and spoke to the Campusanos in Spanish.  According to Ramon, Bezarez told them to give him their money and everything they had.  The Campusanos put their hands up and Bezarez instructed the Hunt brothers to "check" them.  Day-Von took a cell phone and wallet from Michael, and another Campusano gave Darren twenty dollars without being searched.

---

[3] D.I. 92.

Maximo reportedly told Bezarez that he was not going to give Bezarez anything. While the two were talking, Maximo tried to grab Bezarez's gun. During the ensuing struggle, Maximo was shot twice and died.[4]

3.    Prior to the killing of Maximo Campusano, Bezarez was involved in another shooting on February 3, 2007.[5]  From that incident, Bezarez was charged with four counts of Reckless Endangering First Degree, PFDCF, and one count of Possessing a Deadly Weapon by a Person Prohibited for allegedly discharging a firearm into an apartment building while victims were inside.[6]  He was indicted on these charges on March 19, 2007, after the murder occurred.[7]

4.    On January 23, 2008, the day scheduled for trial on the Reckless Endangering charges, Bezarez entered a *nolo contendere* plea to one count of Reckless Endangering First Degree for the apartment shooting.[8]  On December 5, 2008, he was sentenced to two (2) years of Level V time on that charge.[9]

5.    On September 18, 2008, Bezarez proceeded to trial in the murder case.[10]  Bezarez took the stand and testified that the gun went off accidentally.[11]

In rebuttal, and over Bezarez's objection, the State introduced evidence that Bezarez had fired the same gun into the floor of his mother's apartment on February 3, 2007. One police officer described the

---

[4] *Bezarez v. State*, 983 A.2d 946, 947 (Del. 2009).
[5] *Id.*
[6] *State v. Bezarez*, Superior Court Criminal ID No. 0702002298, D.I. 1.
[7] *Bezarez v. State*, 2020 WL 7393240 (Del. Super. Dec. 16, 2020).
[8] D.I. 46 (0702002298).
[9] D.I. 47 (0702002298).
[10] D.I. 92.
[11] *Bezarez*, 983 A.2d at 947.

incident. Another identified the bullets extracted from the apartment floor as having been fired by the same gun that killed Maximo. Finally, Bezarez's mother testified that she heard gun shots while in her bedroom and came out to the living room to find her son was standing there with what appeared to be a gun in his hand. The State was not permitted to introduce evidence that, in response to that incident, Bezarez pled *nolo contendere* to a charge of reckless endangering.[12]

6. The jury returned a verdict of guilty on all charges. Bezarez now faces two life sentences and substantial additional Level V time.[13] He directly appealed his sentence to the Delaware Supreme Court to consider the sole issue of "whether the trial court abused its discretion in allowing the State to introduce extrinsic evidence to establish that Bezarez fired the murder weapon approximately three weeks before he killed Maximo."[14] The Supreme Court found the trial court acted within its discretion and affirmed Bezarez's convictions on October 30, 2009.[15]

7. Bezarez has submitted a total of fourteen postconviction filings and numerous motions in these cases since his consecutive term of incarceration began in 2008.[16] On January 4, 2010, he filed his first *pro se* Motion for Postconviction Relief (hereinafter "first PCR") solely in his reckless endangering case. His Motion alleged ineffective assistance of trial counsel for failing to "investigate or question

---

[12] *Id.*

[13] D.I. 97.

[14] *Bezarez*, 983 A.2d at 948.

[15] D.I. 100, 119; *Id.* at 946.

[16] D.I. 51, 62, 98, 109, 121, 126 (0702002298); D.I. 119, 126-128, 138, 142, 151, 156, 165-66, 191-92 (0703000796).

[] key witness [sic]" for trial and instead advised *Bezarez* to enter a *nolo contendere* plea.[17] The Court denied his first PCR on June 22, 2010. The Delaware Supreme Court dismissed Bezarez's appeal of the Court's denial on August 13, 2010.[18]

8. On October 28, 2010, Bezarez filed another *pro se* Motion for Postconviction Relief, his first in the murder case.[19] This motion raised several claims, including allegations of ineffective assistance of counsel for "failing to object to the State [sic] use of Detective Campos [sic] translation of witnesses prior out-of-court statement to be used as substantive independent value,"[20] and alleged the Court "'committed reversible error' when it abuse [sic] it [sic] discretion by admitting 404(b) evidence of other crimes, which the probative value proffer at trial, said evidence worked impermissively [sic] to show criminal propensity and conformity therewith, infringing on movant [sic] right to a fair trial."[21] Both Trial and Appellate Counsel filed Affidavits and full briefing followed.[22] Ultimately, this Court denied Bezarez's Motion.[23]

---

[17] D.I. 51 (0702002298).
[18] D.I. 59.
[19] D.I. 128.
[20] *Id.*
[21] *Id.*
[22] D.I. 135, 136.
[23] D.I. 132, 133, 143. The matter was referred to a Superior Court Commissioner pursuant to 19 *Del. C.* § 512(b) and Superior Court Procedure Rule 62. Bezarez appealed the Commissioner's decision, which prompted this Court's review.

9. Bezarez appealed the Court's denial of his second PCR.[24] His appeal, in part, argued "the Superior Court [] erred during trial proceedings when it permitted evidence of 'prior bad acts' to be admitted."[25] The Supreme Court affirmed the denial on the basis that "there is no evidence that reconsideration is warranted in the interest of justice," as this issue was unsuccessfully raised in his direct appeal.[26]

10. Bezarez again raised various ineffective assistance of counsel allegations in his next *pro se* Motion for Postconviction Relief filed on March 12, 2013.[27] In it, Bezarez argued Trial Counsel's advice to enter his plea agreement left him "in a much worse situation than he was in without the plea."[28] That Motion was denied as both procedurally barred and without merit on May 12, 2014.[29]

11. Bezarez appealed the denial of his third filing.[30] The Supreme Court affirmed the Court's postconviction denial on December 1, 2014.[31]

12. On May 24, 2018, Bezarez filed his fourth *pro se* Motion for Postconviction Relief that again alleged "[c]ounsel failed to properly advise Bezarez

---

[24] D.I. 144.
[25] *Bezarez v. State*, 2012 WL 1390247, at *1 (Del. Supr. Apr. 12, 2012).
[26] *Id;* D.I. 148.
[27] D.I. 151 (0702002298). This is Bezarez's second PCR in the reckless endangering case and his third filing overall.
[28] *Id.*
[29] *State v. Bezarez*, 2014 WL 2119703, at *3 (Del. Super. May 12, 2014).
[30] D.I. 91 (0702002298).
[31] *Bezarez v. State*, 2014 WL 7010649 (Del. Supr. Dec. 1, 2024).

as to the plea and failed to provide him with effective representation in violation of the 6th, [sic] and 14th amendment[s] of the U.S. Constitution."[32]   This Court summarily denied Bezarez's Motion as successive under Superior Court Criminal Rule 61(i)(2).[33]

13.    On May 27, 2024, Bezarez then turned to Rule 35 for relief.[34]  This attempt was unsuccessful, as the Court denied his Motion for Correction of Sentence on September 29, 2014.[35]

14.    On July 15, 2019, Bezarez filed another *pro se* Motion for Postconviction Relief raising ineffective assistance of counsel claims.[36]  The Court denied relief, reasoning Bezarez "had the opportunity to (and did) assert ineffective assistance of counsel claims in his first Motion for Postconviction Relief," therefore any subsequent attacks on his prior representation are barred.[37]  Bezarez appealed that decision, and the Delaware Supreme Court affirmed this Court's denial on October 21, 2020.[38]

---

[32] D.I. 98 (0702002298); *State v. Bezarez*, 2018 WL 3912027 (Del. Super. Aug. 14, 2018).
[33] D.I. 103 (0702002298); *Id.*
[34] D.I. 162.
[35] D.I. 163.
[36] D.I. 165.  While this is Bezarez's second PCR in his murder case, it is his fifth filing overall.
[37] D.I. 181, 187.
[38] D.I. 188.

15. On July 1, 2020, Bezarez filed his sixth *pro se* Motion seeking postconviction relief.[39] The Court summarily dismissed the filing on December 16, 2020.[40] Bezarez again appealed the Court's dismissal, which the Supreme Court affirmed on August 31, 2021.[41]

16. On October 31, 2024, Bezarez filed yet another *pro se* Motion for Postconviction Relief.[42] The Court, again, summarily dismissed that filing on December 3, 2024, under Rule 61(d)(2)(1).[43] On December 17, 2024, Bezarez filed a Motion to Reopen the Case, which the Court construed as a Motion for Reargument.[44] The Court denied the request on February 19, 2025.[45]

17. Most recently, on May 27, 2025, Bezarez filed the instant *pro se* Motion for Postconviction Relief[46] and a Motion for Appointment of Counsel.[47] Between the two cases, this is Bezarez's eighth motion seeking postconviction relief, and he

---

[39] D.I. 109 (0702002298). This is Bezarez's fourth filing in his reckless endangering case.
[40] D.I. 114 (0702002298).
[41] D.I. 120 (0702002298).
[42] D.I. 191. This filing was docketed in both cases, and it is his seventh filing overall. It is the fifth PCR docketed in his reckless endangering case and his third in the murder case.
[43] D.I. 195.
[44] D.I. 196.
[45] D.I. 197.
[46] D.I. 198
[47] D.I. 199.

submits a single ground for relief similar to those articulated on direct appeal and in many of his prior postconviction filings:

> Movant's Counsel were ineffective by allowing Defendant to testify knowing the STATE [sic] wanted to present extrinsic evidence of conduct that occurred three weeks prior to the incident in this case. The Record reflects that Counsel suggested that the prosecutor simply ask Movant if He had previously fired the weapon. Counsel allowing Bezarez to testify knowing that by Him getting on the witness stand it would open the door to testimony and argument about Bezarez's prior bad act.[48]

18.     Superior Court Criminal Rule 61 governs motions for postconviction relief. Before addressing the merits of a postconviction motion, the Court must examine whether any of the Rule 61 procedural bars apply.[49] A motion for postconviction relief can be procedurally barred as untimely, repetitive, for failing to raise a claim in the proceedings leading to the judgment of conviction, and for being formerly adjudicated.[50] An applicable procedural bar precludes a reviewing court from addressing the merits of a Rule 61 claim, to "protect the procedural integrity" of the Court Rules.[51]

---

[48] D.I. 198, p. 20.
[49] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).
[50] Super. Ct. Crim. R. 61(i)(1)-(4).
[51] *State v. Page*, 2009 WL 1141738, at *13 (Del. Super. Apr. 28, 2009); *see also State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Sept. 25, 2006) ("to protect the integrity of the procedural rules, the Court should not consider the merits of a postconviction claim where a procedural bar exists").

19.     Under Rule 61(d)(2) a second or subsequent motion for postconviction relief must be summarily dismissed, unless "the movant was convicted after a trial and the pleadings allege new evidence of actual innocence[52] or a retroactive new rule of constitutional law that applies to the movant's case and renders the conviction invalid."[53]   The Court may appoint counsel for an indigent defendant **only** if the judge determines the second or subsequent motion satisfies the pleading requirements of Rule 61(d)(2).[54]

20.     Bezarez's Motion does not plead either of Rule 61(d)(2)'s required elements.  Bezarez's allegation that trial counsel was ineffective for opening the door to testimony about Bezarez's involvement in the February 3, 2007, shooting hardly evidences Bezarez's innocence of the crimes convicted at trial.  To the extent Bezarez argues the jury may not have found him guilty on all counts had evidence of the prior shooting not been admitted, nothing in the record substantiates that belief, and such an argument is irrelevant to Rule 61(d)(2)'s legal standard.

21.     "Summary dismissal is appropriate if it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief."[55]  It plainly appears from Bezarez's Motion, after

---

[52] Super. Ct. Crim. R. 61(d)(2)(i).
[53] *Bezarez*, 2020 WL 7393240, at *1 (citing Super. Ct. Crim. R. 61(d)(2)(ii)).
[54] Super. Ct. Crim. R. 61(e)(5).
[55] *State v. Reed*, 2024 WL 2746694 at *2 (Del. Super. May 23, 2024) (citing Sup. Ct. Crim. R. 61(d)(5)).

reviewing the entirety of the record and prior proceedings in this case, that he is not entitled to relief pursuant to Rule 61(d)(2) and 61(i)(4).

22.    Bezarez's Motion is further barred under Rule 61(i)(4), which provides "[a]ny ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred."[56]   Bezarez has repeatedly alleged trial counsel was ineffective for opening the door to testimony about Bezarez's prior use of the murder weapon; both this Court and the Supreme Court have considered this same evidentiary issue on numerous occasions.  In fact, this Court previously ruled that "evidence of the shooting incident appears properly admitted during the murder trial to disprove the defense theory of accident."[57]  The Supreme Court affirmed that finding.[58]  Thus, this same evidentiary issue will not be addressed again.

23.    Bezarez asserts his instant Motion should not be considered under the current version of Rule 61.  Instead, Bezarez contends "that consideration of his claim is warranted in the 'interest of justice,'" which would reflect the previous version of Rule 61 prior to the 2014 amendment.[59]  This argument, too, has already

[56] Super. Ct. Crim. R. 61(i)(4).
[57] *Bezarez*, 2014 WL 2119703, at *3.
[58] *Bezarez*, 2014 WL 7010649.
[59] D.I. 198, p. 11.

been rejected by the Court in its 2020 Order denying Bezarez's prior postconviction motion.[60] The Supreme Court later affirmed this Court's ruling that the version of Rule 61 in existence at the time of the filing is used to adjudicate the motion.[61] Delaware Supreme Court precedent and the current framework of Rule 61(i)(4) mandate summarily denying Bezarez's instant application as procedurally barred.

24. Bezarez's Motion is both successive and already adjudicated pursuant to the current version of Rules 61(d)(2) and (i)(4). Given the exhaustive record in this case, and in the interest of preserving the integrity of Rule 61's procedural bars, the Court will not address the merits of Bezarez's instant postconviction filing.[62] Thus, Bezarez's Motion for Postconviction relief is summarily denied, and no further analysis is necessary.

25. Bezarez failed to create a strong inference that he is innocent of his crimes, and the Court is unaware of any new rule of law rendering his conviction invalid, nor did Bezaraz present any such rule of law. As a result, the instant Motion for Postconviction Relief is **SUMMARILY DISMISSED**. Accordingly, the accompanying Motion for Appointment of Council is **DENIED AS MOOT**.

---

[60] *Bezarez*, 2020 WL 7393240.
[61] *Bezarez v. State*, 2021 WL 3559435 (Del. Aug. 10, 2021).
[62] *State v. Chao*, 2006 WL 2788180, at *5 (Del. Super. Sept. 25, 2006).

**IT IS SO ORDERED.**

 

_____
Danielle J. Brennan, Judge


cc:    Joseph Grubb, Esquire, *Deputy Attorney General*
       Jose Bezarez, *Defendant*